CHRISTIAN FEIGENSPAN, A CORPORATION, v. MARK L. WILSON ET AL.

Argued February 26, 1902—Decided June 9, 1902.

A bond cannot be avoided by an obligor because of the false representations of a third person in procuring its execution unless the obligor participated in the fraud or knew of it, or unless he is responsible for the acts of others, on the ground of agency.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, GARRISON and GARRETSON.

For the plaintiff, *Johnson & German.*

For the defendant Christopher Geist, *Frederick A. Rex.*

The opinion of the court was delivered by

GARRETSON, J.   The plaintiff sued Wilson, Boyle, Stern and Geist upon a bond signed by Wilson, as principal, and Boyle, Stern and Geist, as sureties, reciting that the plaintiff had employed Wilson as agent, salesman and collector in their business of selling lager beer, ales, porter, &c., and with a condition that if Wilson faithfully discharged his duties as agent, salesman and collector and should account for all moneys and properties and other things which might come into his possession or under his control therein, then the bond should be void; otherwise to remain in full force.

The defendant Geist pleaded specially that the bond was obtained from him by the plaintiff and its agents by fraud, covin and misrepresentation in falsely representing to him, being unable to read the English language, that the writing was an application for a liquor license for the said Wilson, and for no other purpose.   The execution of the bond having been admitted and the breach of the condition alleged having

been proved, the burden was upon him to show that the plaintiff or its agents had procured the signing of the bond by him under the misrepresentations alleged in his plea.

The evidence showed that Geist's son, having gone to his father's house with one Bedell from the saloon of Wilson, the principal in the bond, taking the bond which was handed them by Wilson and which had then been signed by all the parties to it except Geist, presented the bond to Geist and had with him a conversation in German, in which Geist testifies that his son misrepresented to him that the paper which he was asked to sign was an application for a liquor license, and believing it to be such, he signed it. Sauer, an agent of the plaintiff, was at Wilson's saloon when Geist and Bedell left there for the defendant's house, and had shortly before witnessed the signatures of Wilson, Boyle and Stern, and then Wilson handed the bond to either young Geist or Bedell, who took it to the defendant, and it was signed, as stated. There is no evidence to show that Geist's son was an agent of the plaintiff or in any way acting for the plaintiff in procuring the execution of the bond by his father. This was the fraud of the defendant's son.

The judge charged the jury that it was for Geist to prove that the contents of the bond were misrepresented to him, and if the son induced him to believe that he was signing an application for a license instead of a bond, then the verdict ought to be in favor of Geist. This did not prove what Geist had set up in his defence by his plea, namely, that he had been induced to sign the bond by the misrepresentation of the plaintiff or its agents.

It is a general rule that a contract cannot be avoided by one of the parties thereto because of the fraud of a third person, unless the other party participated in the fraud or knew of it, or unless he is responsible for the other's act on the ground of agency. 14 *Am. & Eng. Encycl. L.* (*2d ed.*) 154.

The rule to show cause will be made absolute.